These cases are consolidated for our consideratin of the pending motions to dismiss them since they all grow out of the same matter, are identical motions, and counsel in each case are the same on both sides. Defendant’s motions are to dismiss under Rule 76(b)(3) for failure and refusal of plaintiffs to respond to defendant’s interrogatories.
The cases of plaintiffs Michel and Price were filed in 1975. The plaintiffs in Adams, et al., brought their suit in 1978. The petitions allege that plaintiffs are owners of *577 property in various parishes in Louisiana and that defendant, through the Department of the Army, U. S. Corps of Engineers, is responsible. for substantial damages occasioned to them as a result of construction and operation of flood control works on the Mississippi and Atchafalaya Rivers, particularly the Bonnet Carre Spillway and the Morganza Spillway. These works, authorized by Congress, were constructed in order to facilitate the discharge of flood waters into the Gulf of Mexico. Specifically, plaintiffs allege that in the years 1973,1974, and 1975 the defendant failed and refused to open the spillways until such time that petitioners’ upstream property was inundated and irreparably damaged and taken without the payment of just compensation as required by the Fifth Amendment to the Constitution.
As a part of essential pretrial preparation, defendant’s attorney on December 9,1975, addressed various interrogatories to plaintiffs Michel and Price under Rule 73(a), Among other things, defendant requested plaintiffs to identify the location and size of the land that they claim was flooded and the extent of the claimed damages, identity of proposed witnesses and other such information as necessary to comply with the trial judge’s pretrial orders.
On January 16, 1976, plaintiffs’ attorney sent defendant answers to the interrogatories. The responses were not signed by the parties to whom they were addressed but rather by their attaorney. This did not comply with Rule 73(b) which, requires, that responses to interrogatories be signed by the persons making them.
On December 21, 1977, defendant sent plaintiffs Michel and Price a second set of interrogatories. They were not answered and on April 21,1980, defendant filed a motion to compel these plaintiffs to respond. On May 12, 1980, the court granted defendant’s motion to compel responses from Michel and Price and ordered these plaintiffs to respond within 20 days. On May 30, 1980, the attorney for these plaintiffs forwarded answers to defendant’s second set of interrogatories, again signed by him and not by the parties as required by the rule. On June 10, 1980, defendant’s attorney notified plaintiffs’ attorney that the responses did *578 not comply with the rule and requested him to provide properly executed copies. This has never been done.
On May 23,1980, defendant sent plaintiffs Adams, et al., a set of interrogatories. Rule 73(b) requires a response to interrogatories within 30 days after their receipt. No response has been received and no explanation has been forthcoming for this failure.
Similar motions to dismiss all of these cases were filed by defendant on September 18, 1980. Defendant’s motions contend that responses, properly signed by the parties as required by the rule, are essential for trial preparation and we agree that this is obvious. Defendant also says that such interrogatories as have been filed in the Michel and Price cases are unresponsive. This appears to be true, but we do not rest our decision upon this allegation. It is enough that plaintiffs have not complied with the rule that the parties and not their lawyer provide timely answers to the interrogatories about their claims. Plaintiffs have been persistent in their failure to follow the court’s rules, and we can only conclude, considering the elapsed time in these cases since they were filed and defendant’s caution to plaintiffs’ attorney that the rule must be complied with, that the failure to do so is willful and attributable to the .nonexistence of the facts necessary to establish; liability. See Bohannon v. United States, 213 Ct. Cl. 748 (1977). It would be a waste of the court’s time and. resources to indulge plaintiffs with further delay, although they do not request it, to furnish defendant notice of the evidence with which it would be confronted in defense of the claims. Finally, plaintiffs have not even bothered to respond to the pending motions to dismiss and their time in which to do so has long since elapsed with no request for its extension.
it is therefore ordered, upon consideration of the motions to dismiss, without oral argument, that the court finds plaitiffs in willful default in not responding to orders of the court to prosecute their cases and in not complying with the rules relating to discovery. Defendant’s motions are granted. The petitions are dismissed.